# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMERIHEALTH CARITAS LOUISIANA, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-484-JWD-RLB** |
| **PROMISE HOSPITAL OF ASCENSION, INC.** | |

## AMENDED SCHEDULING ORDER

Before the Court is Defendant's Consent Motion to Extend Discovery Deadlines (R. Doc. 13) and Defendant's Consent Motion for Expedited Consideration (R. Doc. 14).

Amerihealth Caritas Louisiana, Inc. ("Plaintiff") commenced this action on July 20, 2016, alleging that Promise Hospital of Ascension, Inc. ("Defendant") breached a hospital services agreement entered into the parties on October 15, 2012. (R. Doc. 1). Plaintiff seeks recovery of $936,777.31 in alleged overpayments to Defendant for certain hospital services.

On October 11, 2016, the Court issued a Scheduling Order setting, among other things, the deadline to complete non-expert discovery on May 22, 2017, the deadline for Plaintiff to disclose its experts on April 24, 2017; the deadline for Defendant to disclose its experts on May 24, 2017; Plaintiff's expert report deadline on June 23, 2017; Defendant's expert report deadline on June 24, 2017; the deadline to complete expert discovery on September 22, 2017; the deadline to file dispositive motions and Daubert motions on October 27, 2017; and for trial to commence on July 23, 2018. (R. Doc. 11).

On May 10, 2017, Defendant filed the instant motions. Defendant seeks extensions of all deadlines through the filing of dispositive motions and Daubert motions by up to four months.[1]

---

[1] It appears that Defendant inadvertently excluded a request to move the expert discovery deadline currently set for September 22, 2017.

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x. 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

The Scheduling Order informed the parties that "[j]oint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically" and that "[e]xtensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery." (R. Doc. 11 at 2-3).

In support of a finding of good cause, Defendant asserts that in its efforts to respond to Plaintiff's discovery requests, "it has identified witnesses who are no longer in their respective positions with the company," and that depositions of non-resident witnesses will be required. (R. Doc. 13 at 2). Defendant represents that it "has had to work diligently to locate" potential witnesses and "is now in the process of interviewing potential witnesses for fact witness depositions that will need to be taken in this case." (R. Doc. 13 at 2).

The Court finds good cause to extend the remaining deadlines through the filing of dispositive motions and Daubert motions, but not to the extent requested. Given that the Court issued the Scheduling Order seven months prior to the filing of the instant motions, it is unclear why Defendant did not have time to identify and locate potential witnesses that no longer work for it. That said, considering that trial is not set to commence until July 23, 2018, the requested extension of the non-expert discovery deadline, as well as the requested extensions and reopening of expert disclosure and report deadlines,[2] can be accommodated. In light of the foregoing extensions, the Court will correspondingly extend the expert discovery deadline.

Despite Defendant's assertions otherwise, an extension of the dispositive motions and Daubert motions deadlines as requested would disrupt the Court's ability to provide adequate briefing and consideration of any dispositive motions and Daubert motions prior to the trial date. Accordingly, the Court will provide a shorter extension of that deadline than requested.

Based on the foregoing,

**IT IS ORDERED** that Defendant's Consent Motion for Expedited Consideration (R. Doc. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Consent Motion to Extend Discovery Deadlines (R. Doc. 13) is **GRANTED IN PART and DENIED IN PART.** Pursuant to Rule 16(b)(4), the following deadlines are established:

1. **Filing** all discovery motions and **completing** all discovery except experts: **September 20, 2017.**

2. Disclosure of identities and resumés of experts:

    **Plaintiff:** **August 24, 2017.**

---

[2] Plaintiff's deadline to disclose its experts expired prior to the filing of the instant motions on April 24, 2017. It is unclear whether Plaintiff made timely disclosures. Given the scope of extensions requested by Defendant, the Court finds good cause for reopening and extending Plaintiff's deadline to disclose experts.

**Defendant:** September 22, 2017.

3. Expert reports must be submitted to opposing parties as follows:

   **Plaintiff:** October 20, 2017.

   **Defendant:** November 22, 2017.

4. Discovery from experts must be completed by **December 15, 2017.**

5. Deadline to file dispositive motions and Daubert motions: **January 15, 2018.**

All other deadlines remaining unchanged.

Signed in Baton Rouge, Louisiana, on May 15, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**