| | |
|---|---|
| **AMERIHEALTH CARITAS LOUISIANA, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-484-JWD-RLB** |
| **PROMISE HOSPITAL OF ASCENSION, INC.** | |

## ORDER

Before the Court is Plaintiff's Motion to Compel Discovery Responses and Corporate Deposition (R. Doc. 19) filed on September 15, 2017.  The motion is opposed. (R. Doc. 22).

Also before the Court is Defendant's Motion to Extend Fact Discovery Deadline (R. Doc. 20) filed on September 20, 2017.  The motion is opposed. (R. Doc. 23).

The Court considers the foregoing motions together because they concern related issues.

## I.      Background

Amerihealth Caritas Louisiana, Inc. ("Plaintiff") commenced this action on July 20, 2016, alleging that Promise Hospital of Ascension, Inc. ("Defendant") breached a hospital services agreement entered into the parties on October 15, 2012. (R. Doc. 1).  Plaintiff seeks recovery of $936,777.31 in alleged overpayments to Defendant for certain hospital services.

On October 11, 2016, the Court issued a Scheduling Order setting, among other things, the deadline to complete non-expert discovery on May 22, 2017, and for trial to commence on July 23, 2018. (R. Doc. 11).

On February 15, 2017, Plaintiff propounded interrogatories, requests for production of documents, and requests for admission on Defendant. (R. Doc. 19-4).  Defendant provided

certain responses on April 6, 2017. (R. Doc. 19-5). Plaintiff asserted that many of these responses were deficient on April 18, 2017. (R. Doc. 19-6).

On May 15, 2017, the Court granted in part and denied in part Defendant's Consent Motion to Extend Discovery Deadlines (R. Doc. 13). (R. Doc. 15). The Court set the deadline to complete non-expert discovery on September 20, 2017, the deadline for Plaintiff to disclose its experts on August 24, 2017; the deadline for Defendant to disclose its experts on September 22, 2017; Plaintiff's expert report deadline on October 20, 2017; Defendant's expert report deadline on November 22, 2017; the deadline to complete expert discovery on December 15, 2017; the deadline to file dispositive motions and Daubert motions on January 15, 2018. (R. Doc. 15 at 3-4).

On August 4, 2017, defense counsel indicated that Defendant would supplement its discovery responses by August 24, 2017. (R. Doc. 19-8 at 1).

On August 25, 2017, the parties filed a Joint Motion for Protective Order concerning the exchange of confidential information. (R. Doc. 16). The Court granted the motion (R. Doc. 17), and entered the Protective Order (R. Doc. 18) into the record.

On August 30, 2017, Plaintiff's counsel inquired into Defendant's supplemental discovery responses and the scheduling of Defendant's Rule 30(b)(6) deposition. (R. Doc. 19-8 at 1).

On September 15, 2017, the parties held a discovery conference regarding the outstanding supplemental discovery responses and the scheduling of Defendant's Rule 30(b)(6) deposition. (R. Doc. 19-3). Plaintiff filed its motion to compel that same day. (R. Doc. 19).

On September 20, 2017, Defendant provided supplemental responses to Plaintiff's

discovery requests. (R. Doc. 22-1). Defendant filed its motion to extend the fact discovery

deadline that same day. (R. Doc. 20).

II.     **Law and Analysis**

    A.      **Plaintiff's Motion to Compel (R. Doc. 19)**

Plaintiff seeks an order compelling Defendant to provide supplemental responses to its

discovery requests propounded on February 15, 2017, and to designate a corporate representative

for a Rule 30(b)(6) deposition. Plaintiff also seeks a limited extension of the non-expert

discovery deadline for the sole purpose of allowing it to conduct the Rule 30(b)(6) deposition of

Defendant, as well as any reasonable follow-up depositions, after the current discovery deadline

of September 20, 2017. Plaintiff also seeks to recover reasonable attorneys' fees and costs

incurred in bringing its motion.

In opposition, Defendant argues that it has fully responded to Plaintiff's written discovery

requests. (R. Doc. 22). Defendant specifically states that it has produced all documents it has

been "able to locate" and that it has not withheld from discovery any documents on the basis of

objections. (R. Doc. 22 at 1-2). Defendant further asserts that on September 20, 2017, it

identified its representatives for Rule 30(b)(6) depositions and "stands ready and willing to

provide available dates for scheduling of any depositions permitted by the Court as expeditiously

as possible." (R. Doc. 22 at 3).

Based on the foregoing, it appears that the relief sought by Plaintiff with regard to its

written discovery requests has been obtained.[1] Given the representations of the parties (and as

---

[1] After its receipt of Defendant's supplemental responses on September 20, 2017, Plaintiff did not file any additional motion to compel regarding the merits of the supplemental responses within the time allowed by Local Rule 26(d)(1).

set forth in greater detail below), the Court finds good cause to extend the non-expert discovery

deadline by **30 days** from the date of this order for the purpose of providing the parties with an

opportunity to prepare for, schedule and conduct any necessary depositions.

Rule 37 of the Federal Rules of Civil Procedure provides the following with regard to the

award of reasonable expenses where discovery is provided after the filing of the motion to

compel:

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). There is no dispute that Plaintiff attempted to obtain supplemental

discovery responses without court action. Plaintiff propounded its written discovery on February

15, 2017, received insufficient responses on April 6, 2017, raised those deficiencies on April 18,

2017. Despite Plaintiff's efforts to obtain supplemental responses prior to the discovery

deadline, Defendant did not provide responses until after Plaintiff filed the instant motion to

compel, and then only on September 20, 2017, the deadline to complete non-expert discovery.

While the Court is sympathetic with regard to Defendant's difficulties related to Hurricane Irma,

preparations for that storm's landfall in Florida on September 10, 2017 had no bearing on

Defendant's failure to provide supplemental responses to Plaintiff on the deadlines provided by

the Federal Rules of Civil Procedure or otherwise agreed upon by the parties. Accordingly, the Court does not find that the untimely response was substantially justified or that the circumstances make an award of expenses unjust.

Based on the foregoing, the Court will grant Plaintiff's motion to compel and award reasonable expenses to Plaintiff.

**B.      Defendant's Motion to Extend Fact Discovery Deadline (R. Doc. 20)**

Defendant seeks an order extending the non-expert discovery deadline from September 20, 2017 to December 15, 2017. In opposition, Plaintiff argues that Defendant has not demonstrated that it has diligently worked to complete discovery in this matter, and has not otherwise demonstrated good cause for the extension requested.

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

The Scheduling Order informed the parties that "[e]xtensions of deadlines governing discovery must be supported with information describing the discovery already completed, what

necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery." (R. Doc. 10 at 2-3).

In support of good cause for the extension requested, Defendant asserts that its "efforts to conduct discovery have been greatly impeded by matters totally outside" of its control. (R. Doc. 20 at 1). First, Defendant asserts that the agreement at issue was executed by an individual named Richard Knowland who is no longer employed by Defendant and that Mr. Knowland's former assistant, Patti Dicharry, is no longer employed by Defendant. With little detail, Defendant asserts that because these individuals are no longer its employees, it has had "to work to secure old computers which may have had specific documents saved to them" by these employees and "has expended significant resources in conducting computer searches in an effort to find relevant documents which would be used to refresh the memories of witnesses who had very brief involvements" with the underlying agreement. (R. Doc. 20 at 1-2). Second, Defendant asserts that Hurricane Irma, which made landfall in Florida just ten days before the discovery deadline, impeded its ability to complete non-expert discovery. (R. Doc. 20 at 2).

This action was commenced on July 20, 2016. While Defendant seeks a nearly three-month extension of the non-expert discovery deadline, it does not identify what discovery it has completed in this action and what discovery remains to be completed. Indeed, Defendant informed the Court the last time it sought an extension of the non-expert discovery deadline on May 10, 2017, that it was in the process of identifying and locating witnesses that no longer worked for it. (R. Doc. 13 at 2). Defendant has not identified any specific efforts to locate these witnesses or when such efforts were made. What is clear is that any such efforts should have been made well before the landfall of Hurricane Irma.

Given the record, the Court does not find good cause for granting a nearly three month extension of the non-expert discovery deadline. In addition to failing to demonstrate it has been diligent in conducting discovery in this action, Defendant has not demonstrated that the extension requested would not interfere with other deadlines in this action. That said, Defendant's ability to complete discovery was apparently hindered by the landfall of Hurricane Irma. In its motion, Defendant provides that Hurricane Irma required personnel to divert their attention away from "working to secure relevant documents to assist with the preparation of a 30(b)(6) deponent" and that the month of September was "intended to be dates made available to conclude discovery." Considering that Irma made landfall in September, the Court can only assume that such discovery remaining consisted of preparation and taking of various depositions, as the time within which to serve written discovery requests on the Plaintiff would have expired 30 days prior to September 20, 2017. In order to compensate for any time lost due to Hurricane Irma, and given that the Court can find little, if any, prejudice to Plaintiff if a modest extension of the discovery deadline is provided, the Court will extend the deadline to complete fact discovery for 30 days from the date of this order, for the limited purpose of allowing the parties to prepare for, schedule and conduct any necessary depositions. All other discovery is closed.

## III.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery Responses and Corporate Deposition (R. Doc. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to an award of the reasonable attorney's fees and costs that it incurred in bringing this motion to compel. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[2] Defendant and/or its counsel shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Plaintiff shall, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Defendant shall, within 7 days of the filing of Plaintiff's Motion, file any opposition pertaining to the imposition of the amounts requested by Plaintiff.

**IT IS FURTHER ORDERED** that Defendant's Motion to Extend Fact Discovery Deadline (R. Doc. 20) is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that the non-expert discovery deadline is extended to **November 13, 2017** for the limited purposes set forth herein.

Signed in Baton Rouge, Louisiana, on October 13, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] This Court has previously found that a relatively modest award was reasonable under similar circumstances. *See Talley v. State Farm Mutual Automobile Ins. Co.,* No. 16-cv-406, ECF No. 15 (M.D. La. Dec. 9, 2016) ($250 award). The Court also recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.